IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 24, 2014 at Knoxville

## JOSEPH KINDRED v. JERRY LESTER, WARDEN

**Appeal from the Circuit Court for Lauderdale County**
**No. 6715    Joe H. Walker, III, Judge**

_____

**No. W2014-00066-CCA-R3-HC  - Filed August 19, 2014**

_____

In 2010, the Petitioner, Joseph Kindred, pleaded guilty to multiple counts involving conspiracy to sell drugs within a school zone, and the trial court sentenced the Petitioner to sixteen years in the Tennessee Department of Correction.  In 2013, the Petitioner filed a petition for habeas corpus relief, which was summarily dismissed by the habeas corpus court. On appeal, the Petitioner alleges that the habeas corpus court erred when it dismissed his petition, contending that the trial court did not have the jurisdiction or authority to sentence him for the conspiracy convictions because he was not indicted for conspiracy.  After a thorough review of the record and applicable authorities, we affirm the habeas court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and D. KELLY THOMAS, JR., J., joined.

Joseph Kindred, Henning, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Caitlin E.D. Smith, Assistant Attorney General; Mike Dunavant, District Attorney General; and Brent A. Cooper, Assistant District Attorney General for the appellee, State of Tennessee.

## OPINION
### I. Facts

### A. Background

In 2010, a Maury County Grand Jury indicted the Petitioner for one count of possession with intent to sell over .5 grams of cocaine within a school zone, one count of possession with intent to sell marijuana within a school zone, one count of possession of drug paraphernalia, two counts of sale of a schedule IV drug within a school zone, two counts of sale of a schedule VI drug within a school zone, two counts of sale of a schedule II drug within a school zone, and one count of sale of a schedule III drug within a school zone.

On July 22, 2011, the Petitioner entered guilty pleas to the following: one count of conspiracy to possess less than .5 grams of cocaine within a school zone, two counts of possession and sale of a schedule IV drug within 1,000 feet of a school zone, one count of conspiracy to sell a schedule II drug within 1,000 feet of a school zone, one count of possession and sale of a schedule III drug within 1,000 feet of a school zone, one count of possession of marijuana with intent to sell, one count of possession of a schedule II drug with intent to sell, one count of possession of a schedule III drug with intent to sell, manufacture, deliver, or possess, and one count of conspiracy to sell a schedule II drug within 1,000 feet of a school zone. The trial court imposed an effective sixteen-year sentence for the Petitioner's convictions.

## B. Habeas Corpus Petition

In November 2013, the Petitioner filed a petition for habeas corpus relief. The Petitioner alleged that the judgments for his conspiracy convictions were void. He contended that the trial court was without authority to accept his guilty pleas to the conspiracy offenses because "no indictment" existed for those offenses and because conspiracy is "not a lesser included offense to the indicted offense." The Petitioner further contended that the trial court's jurisdiction was "never invoked," because the "so-called affidavit of complaint[] had not been signed or authorized by a judge, magistrate or a neutral or detached clerk, and therefore, the subsequent conviction is a nullity."

On December 17, 2013, the habeas corpus court issued an order denying relief to the Petitioner and dismissing his petition. In its order, the habeas court concluded that any defect in the affidavit of complaint was cured by the indictment and that the indictment "satisfied the overriding purpose of providing notice to the Petitioner." The habeas court, noting that a plea-bargained sentence was "legal so long as it does not exceed the maximum sentence authorized for the plea offense[,]" further concluded that the trial court had jurisdiction to sentence the Petitioner. The habeas corpus court dismissed the petition on those grounds and it is from this judgment that the Petitioner now appeals.

## II. Analysis

On appeal, the Petitioner contends that the habeas corpus court erred when it dismissed his petition. He contends that "it was clear on the face of the judgment that the trial court . . . had no such jurisdiction or authority to sentence [him] for an offense in which he was not indicted, or which was not a lesser included offense to the indicted charge." The State responds that his petition was properly dismissed and that the trial court had the jurisdiction to sentence him on the conspiracy convictions. Citing *Scott v. Osborne*, No. E2011-02021-CCA-R3-HC, 2012 WL 1523824, at *3 (Tenn. Crim. App., at Knoxville, Apr. 30, 2012), *perm. app. denied* (Tenn. Aug. 17, 2012), the State argues that "trial courts retain jurisdiction to enter judgment on amended charges, and a petitioner's agreement to plead [guilty] to an offense that is not a lesser-included offense of the indictment provides effective consent to an amendment of the indictment."

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. *See Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007). Although the right is guaranteed in the Tennessee Constitution, the right is governed by statute. T.C.A. §§ 29-21-101, -130 (2012). The determination of whether habeas corpus relief should be granted is a question of law and is accordingly given *de novo* review with no presumption of correctness given to the findings and conclusions of the court below. *Smith v. Lewis*, 202 S.W.3d 124, 127 (Tenn. 2006) (citation omitted); *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). Although there is no statute of limitations for a habeas corpus petition, the grounds upon which relief can be granted are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999).

It is the burden of the petitioner to demonstrate by a preponderance of the evidence that "the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). In other words, the very narrow grounds upon which a habeas corpus petition can be based are as follows: (1) a claim there was a void judgment which was facially invalid because the convicting court was without jurisdiction or authority to sentence the defendant; or (2) a claim the defendant's sentence has expired. *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000); *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). "An illegal sentence, one whose imposition directly contravenes a statute, is considered void and may be set aside at any time." *May v. Carlton*, 245 S.W.3d 340, 344 (Tenn. 2008) (citing *State v. Burkhart*, 566 S.W.2d 871, 873 (Tenn. 1978)). In contrast, a voidable judgment or sentence is "one which is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity." *Taylor*, 995 S.W.2d at 83 (citations omitted); *see State v. Ritchie*, 20 S.W.3d 624, 633 (Tenn. 2000). The petitioner bears the burden of showing, by a preponderance of the evidence, that the conviction is void or that the prison term has expired. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

It is also permissible for a trial court to summarily dismiss a petition of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. *See Passarella*, 891 S.W.2d at 627; *Rodney Buford v. State*, No. M1999-00487-CCA-R3-PC, 2000 WL 1131867, at *2 (Tenn. Crim. App., at Nashville, July 28, 2000), *perm. app. denied* (Tenn. Jan. 16, 2001).

We conclude that the Petitioner's claim does not entitle him to relief because the trial court had proper jurisdiction to sentence him on the convictions to which he pleaded guilty. The Petitioner was initially charged by a proper indictment, thus vesting the trial court with subject matter jurisdiction to accept the Petitioner's guilty pleas. *See State v. Yoreck*, 133 S.W.3d 606, 612 (Tenn. 2004) (citing *Wyatt v. State*, 24 S.W.3d 319, 323 (Tenn. 2000)). In the case of a guilty plea entered on a charge not contained in the original indictment, this Court held in *Scott* that:

> An indictment may be amended in all cases with the consent of the petitioner. Tenn. R. Crim. P. 7(b). For tactical reasons, a person may choose to plead guilty to an offense that is not charged in the indictment and is not a lesser-included offense of the indicted offense. *State v. L.W.*, 350 S.W.3d 911, 917 (Tenn. 2011).

*Scott*, 2012 WL 1523824, at *3. Citing *Yoreck*, this Court concluded that a defendant's guilty plea to an offense that is not a lesser-included offense of the indicted charge is "in effect, his consent to an amendment to the indictment." *Id.* (citing Tenn. R. Crim. P. 7(b)).

In the present case, the judgments indicate that the Petitioner pled guilty to the offenses of conspiracy, and, thus, we hold that the Petitioner consented to an amendment of the original indictment. *Id.* Accordingly, the trial court retained jurisdiction to enter judgments on the amended charges and sentence the Petitioner. Accordingly, we conclude that Petitioner is not entitled to relief on this issue.

### III. Conclusion

After a thorough review of the record and the applicable law, we affirm the habeas corpus court's judgment.

_____
ROBERT W. WEDEMEYER, JUDGE

-4-