IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 27, 2015

## RALPH T. O'NEAL v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. SN16352    Steve R. Dozier, Judge**

_____

**No. M2015-01052-CCA-R3-HC – Filed January 12, 2016**

_____

The Petitioner, Ralph T. O'Neal, appeals as of right from the Davidson County Criminal Court's summary dismissal of his petition for writ of habeas corpus. He claims entitlement to habeas corpus relief, alleging that the trial court did not have the jurisdiction or authority to sentence him for Class B felony cocaine possession because he was indicted only for Class C possession, and the record was devoid of any evidence that he consented to an amendment or waived his right to indictment at the guilty plea proceedings. Following our review, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, JJ., joined.

Cynthia M. Fort (on appeal), Nashville, Tennessee, for the appellant, Ralph T. O'Neal.

Herbert H. Slatery III, Attorney General and Reporter, and Brent C. Cherry, Senior Counsel, for the appellee, State of Tennessee.

**OPINION**

FACTUAL BACKGROUND

The July 1995 term of the Davidson County Grand jury returned a six-count indictment against the Petitioner, charging him in Count One with criminal impersonation; in Counts Two and Three with possession of a Schedule II controlled substance with the intent to sell, cocaine base and cocaine, respectively; in Count Four with simple possession or casual exchange of marijuana; in Count Five with unlawful possession of a weapon; and in Count Six with driving on a cancelled, suspended, or

revoked license. See Tenn. Code Ann. §§ 39-16-301, -17-417, -17-418, -17-1307 & 55-50-504. In Count Two, over the words "cocaine base" appeared the hand-written notation "over .5 grams."

The Petitioner entered into a negotiated plea agreement on January 18, 1996. The original six offenses charged were listed in the plea agreement, and regarding the cocaine possession counts, the following type-written words appeared, "Possession of Cocaine for Resale (T.C.A. § 39-17-417) 2 charges; Class B Felony, 8 to 30 years confinement; Fine up to $100,000[.]" Under the terms of the agreement, he pled guilty to Counts One, Two, and Five, and the remaining charges were dismissed. The type-written specified terms of his agreement to Count Two provided, "Pleads guilty to Count Two—Possession of Cocaine for Resale. State recommends 8 years split confinement; 1 year day for day; 7 years probation[.]" After the word cocaine appeared another hand-written notation indicating the amount of "over .5 grams." There were also other hand-written terms in this section listing additional terms, including, "forfeit weapon," "pay fees and costs," "report," "GED or finish high school," "job," and "5 hours per month public service work [for] years 2-7." He received "time served" on the other two offenses. The Petitioner's signature was pinned on the document. The judgment form for Count Two listed the indicted offense as "possession under .5 grams[,]" the amended charge as "possession over .5 grams[,]" and the conviction offense as "possession of a controlled substance over .5 grams" with a Class B felony conviction class.

On September 15, 2014, the Petitioner, pro se, filed a document styled, "Petition for Appropriate Relief Pursuant to Tennessee Rule of Criminal Procedure, Rule 32(f) and/or in the Alternative Petition for Post-Conviction Relief Pursuant to T.C.A. § 40-30-101 et seq. and/or Petition for Writ of Habeas Corpus Pursuant to T.C.A. § 29-21-107 and/or in the Alternative Petition for Writ of Error Coram Nobis Pursuant to T.C.A. § 40-26-105." The Petitioner, who was in federal custody "serving an unrelated sentence[,]" challenged his cocaine possession conviction in Count Two, arguing that the judgment for cocaine possession was void on its face because he was "sentenced for an '[a]mended [c]harge' which was not returned by the grand jury[,]" and the record did not reflect that he "waived his right to indictment[.]" He continued that the "conviction offense was amended to a more serious offense" unbeknownst to him, which rendered his plea to the greater offense involuntary. He further averred that his plea was involuntarily entered because he was not informed that his conviction could "be used in any future federal proceedings to enhance any applicable sentence." Finally, he contended that he was "actually innocent of the conviction offense." He requested that his "illegal sentence and void judgment" be vacated.

The habeas corpus court summarily dismissed the petition by written order filed on October 22, 2014. The court dispensed with the Petitioner's allegations as follows:

Initially, the [c]ourt notes that . . . the Tenn[essee] R[ule of] Crim[inal] Pro[cedure] would not be applicable because the judgment in this case is final. Next, the one-year statute of limitations for post-conviction relief bars relief and the [c]ourt finds no support for due process tolling the limitations. Tenn. Code Ann. § 40-30-102(a).

In addition, the [c]ourt finds that the Petitioner is not entitled to habeas corpus relief. . . . Initially, the [c]ourt notes that the Petitioner is not being restrained on this sentence. Further, the judgment indicates the Petitioner entered a guilty plea to the amended charge of a greater offense. The [c]ourt finds that the face of the indictment does not indicate a void judgment. The . . . indictment indicates it was amended to reflect over .5 grams of cocaine which is within the jurisdiction of the [c]ourt pursuant to Rule 7. In addition, the plea agreement reflects the fact the Petitioner was aware he was facing charges involving Class B amounts of [c]ocaine. The indictment was not so defective as to fail to vest jurisdiction of the [c]ourt. . . .

Finally, the [c]ourt finds the statu[t]e of limitations for an error coram nobis claim has expired and there is no basis to toll the limitations period. Tenn. Code Ann. § 27-7-103.

Thereafter, on November 24, 2014, the Petitioner delivered for mailing to prison authorities a "Motion to Reconsider, Clarify, Supplement, Alter, or Amend, and, or, in the Alternative, Vacate, the Court Order of 10-22-2014."[1] On May 4, 2015, the habeas corpus court filed an order, first noting that since the court's October 22, 2014 order, the Petitioner had "filed numerous motions and petitions requesting reconsideration," and then denying "any motions to reconsider and reaffirm[ing] the prior holdings." The Petitioner filed a notice of appeal therefrom.[2]

---

[1] Regarding the thirty-day filing requirement for a notice of appeal document, we employ the rules of criminal procedure regarding pro se litigants and the computation of time and determine that the Petitioner's motion to reconsider, and any notice of appeal allegedly filed therewith, were due by Friday, November 21, 2014. See Tenn. R. Crim. P. 45(a) & 49(d).

[2] The filing of a motion to reconsider does not toll the time for filing a notice of appeal. See State v. Lock, 839 S.W.2d 436, 440 (Tenn. Crim. App. 1992). However, in criminal cases, "the 'notice of appeal' document is not jurisdictional and the filing of such document may be waived in the interest of justice." Tenn. R. App. P. 4(a). The Petitioner's letter, filed along with his motion to reconsider, stated that if his filing of a notice of appeal was not stayed by this motion, "then the notice of appeal should be filed now, as it would be mature and ripe for filing under the rules. . . . Moreover, in my Motion to Reconsider, I have incorporated said facts and law cited in the Notice of Appeal as to have both the Notice of Appeal and Motion to Reconsider/(Reopen) be considered timely on the basis of good cause, excusable neglect and equitable tolling." He references in both the letter and the motion to reconsider that

<u>ANALYSIS</u>

On appeal, the Petitioner argues that the court erred "in dismissing the habeas corpus petition without [investigating] if the [Petitioner] validly waived amendment of and defects in the indictment." Under Tennessee law, the "grounds upon which habeas corpus relief may be granted are very narrow." <u>Taylor v. State</u>, 995 S.W.2d 78, 83 (Tenn. 1999). The writ will issue only where the petitioner has established: (1) a lack of jurisdiction for the order of confinement on the face of the judgment or in the record on which the judgment was rendered; or (2) that he is otherwise entitled to immediate release because of the expiration of his sentence. <u>See</u> <u>State v. Ritchie</u>, 20 S.W.3d 624, 630 (Tenn. 2000); <u>Archer v. State</u>, 851 S.W.2d 157, 164 (Tenn. 1993).

The purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. <u>State ex rel. Newsom v. Henderson</u>, 424 S.W.2d 186, 189 (Tenn. 1968). A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." <u>See</u> <u>Summers v. State</u>, 212 S.W.3d 251, 256 (Tenn. 2007). In contrast, "[a] voidable conviction or sentence is one which is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity." <u>Taylor</u>, 995 S.W.2d at 83.

A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. <u>See</u> <u>Wyatt v. State</u>, 24 S.W.3d 319, 322 (Tenn. 2000). A habeas corpus court may summarily dismiss a petition without a hearing when the petition "fails to demonstrate that the judgment is void." <u>Hickman v. State,</u> 153 S.W.3d 16, 20 (Tenn. 2004); <u>see</u> Tenn. Code Ann. § 29-21-109. We note that the determination of whether to grant habeas corpus relief is a matter of law; therefore, we will review the habeas corpus court's finding de novo without a presumption of correctness. <u>McLaney v. Bell</u>, 59 S.W.3d 90, 92 (Tenn. 2001).

Initially, we note that the procedural requirements for habeas corpus relief are "mandatory and must be followed scrupulously." <u>Archer</u>, 851 S.W.2d at 165. In this case, the petition fails to comply with the mandatory statutory procedural requirements by failing to state whether the legality of the restraint has been previously adjudicated and by failing to state whether or not previous applications have been made. <u>See</u> Tenn. Code Ann. § 29-21-107(b)(3), (4). In addition, the petition is not verified by affidavit, as required by Tennessee Code Annotated section 29-21-107(a). Although grounds existed, the habeas corpus court did not dismiss the petition due to these procedural deficiencies. <u>See</u> <u>Hickman</u>, 153 S.W.3d at 21 ("A habeas corpus court may properly choose to dismiss

a separate document titled notice of appeal was filed, although that document does not appear in the technical record. Additionally, because the State is not objecting to the untimely notice of appeal, we will waive the timely filing requirement in the interest of justice.

a petition for failing to comply with the statutory procedural requirements; however, dismissal is not required."). We proceed accordingly.

Addressing habeas corpus relief, the court first "not[ed] that the Petitioner [was] not being restrained on this sentence." The Petitioner received his eight-year sentence for Class B felony cocaine possession on January 18, 1996, when he entered his plea, and almost twenty years have passed since that time. Accordingly, the habeas corpus court concluded that the Petitioner was no longer imprisoned or restrained of his liberty by virtue of the challenged conviction. "[A] petitioner is not restrained of liberty unless the challenged judgment itself imposes a restraint on the petitioner's freedom of action or movement." Hickman, 153 S.W.3d at 23. "Habeas corpus relief does not lie to address a conviction after the sentence on the conviction has been fully served." Id. at 23-24. The State is correct that, on this basis alone, the Petitioner is not entitled to relief.

Regardless, because the habeas corpus court addressed the merits, we will also. Specifically, on appeal, the Petitioner contends that the habeas corpus "court did not thoroughly inquire into the irregularities in this case." He describes those irregularities as follows:

> In the charging paragraph of the indictment, the grand jury came back with a charge of possession of cocaine. No quantity is alleged. At some point later that count was amended by hand to increase the grade of the felony by alleging over .5 grams. There is no indication who made the amendment or when. Further, paragraph 22, of the [Petitioner's] typed plea petition is amended by script to increase the felony to a [C]lass B and there is no indication by whom.

The Petitioner submits that the habeas corpus "court erred in not ascertaining whether [he] validly waived any objection to the amendment of [C]ount [T]wo which would necessitate a review of the plea colloquy." We disagree. The habeas corpus court did find that based upon record it appeared "the Petitioner was aware he was facing charges involving Class B amounts of [c]ocaine."

The Petitioner also relies on Boykin v. Alabama, 395 U.S. 238, 244 (1969), for the proposition that the court must "canvass[] the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequences." However, the failure of a trial court to give the full litany of Boykin rights rendered the judgment voidable, not void. See Neal v. State, 810 S.W.2d 131, 134 (Tenn. 1991). Any claim that his guilty plea to Class B felony cocaine possession was unknowing and involuntary is not cognizable in a habeas corpus action. See Summers, 212 S.W.3d at 259.

-5-

The Petitioner further submits that "the defects argued herein are constitutional irregularities and are certainly jurisdictional." However, the Petitioner's claim does not entitle him to relief because the trial court had proper jurisdiction to sentence him on the Class B felony conviction to which he pled guilty. The Petitioner was initially charged by a proper indictment, thus vesting the trial court with subject matter jurisdiction to accept the Petitioner's guilty plea. See State v. Yoreck, 133 S.W.3d 606, 612 (Tenn. 2004) (citing Wyatt v. State, 24 S.W.3d 319, 323 (Tenn. 2000)). In the case of a guilty plea entered on a charge not contained in the original indictment, this court has held, "An indictment may be amended in all cases with the consent of the petitioner. For tactical reasons, a person may choose to plead guilty to an offense that is not charged in the indictment and is not a lesser-included offense of the indicted offense." Roy Allen Scott v. David Osborne, Warden, No. E2011-02021-CCA-R3-HC, 2012 WL 1523824, at *3 (Tenn. Crim. App. Apr. 30, 2012) (citing Tenn. R. Crim. P. 7(b); State v. L.W., 350 S.W.3d 911, 917 (Tenn. 2011)). Moreover, a defendant's guilty plea to an offense that is not a lesser-included offense of the indicted charge is "in effect, his consent to an amendment to the indictment." Id. (citing Tenn. R. Crim. P. 7(b)).

In the present case, the judgment indicates that the Petitioner pled guilty to the offense of possession of a controlled substance in an amount over .5 grams, a Class B felony, and thus, we hold that the Petitioner consented to an amendment of the original indictment. Accordingly, the trial court retained jurisdiction to enter judgment on the amended charge and sentence the Petitioner. Furthermore, "even if the indictment was not properly amended, such allegations would merely render the judgment voidable, not void." Jim McConnell v. Jim Morrow, Warden, No. E2010-02341-CCA-R3-HC, 2011 WL 1361569, at *3 (Tenn. Crim. App. Apr. 11, 2011) (citations omitted). The Petitioner is not entitled to relief.

## CONCLUSION

Upon consideration of the foregoing and the record as a whole, we affirm the judgment of the habeas corpus court.

_____
D. KELLY THOMAS, JR., JUDGE

-6-