**STATE of Tennessee, Appellee,**

v.

**Terrence LIDDLE, Appellant.**

Court of Criminal Appeals of Tennessee,
at Nashville.

May 24, 1996.

No Permission to Appeal Applied
for to the Supreme Court.

Terrence S. Liddle, Pro Se.

Charles W. Burson, Attorney General and
Reporter, Michelle L. Lehmann, Attorney for
the State, Nashville, Tom P. Thompson, District
Attorney General, Lebanon, for Appellee.

*OPINION*

PEAY, Judge.

The petitioner was indicted, in a single
indictment, for six separate counts of aggravated
sexual battery. He entered a guilty
plea to count one, and as part of the plea
agreement the remaining counts were nollied.
The petitioner filed a petition requesting
expungement of the public records in
connection with the dismissed counts. This
petition was denied by the trial court without
a hearing.

In this appeal as of right, the petitioner
contends that he is entitled, by statute, to
have the public records expunged as to the
five counts of the indictment that were dismissed.
From our review of the record, the
applicable statute, and case law, we agree
with the petitioner and reverse the judgment
of the trial court.

The trial court, in ruling on the petition,
found that the petitioner was not entitled to
expungement of the public records. This
ruling appears to be based on the fact that
the petitioner had pled guilty to count one of
a multi count indictment. The State contends
that because the nollied counts are
"inextricably intertwined with the count to
which the [petitioner] pled guilty," destruction
of the records is impossible. To accept
the State's argument is to allow the district
attorney general to control a defendant's
right to expungement by indicting on multiple
charges by separate counts in a single
indictment.

Our statute provides that upon petition in
the court where a nolle prosequi is entered,
all public records shall be expunged. T.C.A.
§ 40–32–101(a)(3). This Court has previously
held that a defendant is entitled to expungement
and the trial judge is without
discretion in denying this petition. *See State
v. McCary*, 815 S.W.2d 220, 222 (Tenn.Crim.
App.1991). The expungement statute simply
provides that when a "charge has been dismissed
... [it] shall, upon petition ... be
removed and destroyed." T.C.A. § 40–32–
101(a)(1). We find no indication that this
applies only to indictments. It expressly
applies to "charges". Here, five "charges"
were nollied.

We, therefore, reverse the judgment of the
trial court in dismissing the petition and
remand this matter to the trial court for
expungement pursuant to the statute.

JONES, P.J., and HAYES, J., concur.