IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE
June 1, 2011 Session

**STATE OF TENNESSEE v. L.W.**[1]

**Appeal by Permission from the Court of Criminal Appeals
Criminal Court for Davidson County
No. 2005D2715      J. Randall Wyatt, Jr., Judge**

No. M2009-02132-SC-R11-CD - Filed August 17, 2011

AND

**K.F. v. STATE OF TENNESSEE**

**Appeal by Permission from the Court of Criminal Appeals
Criminal Court for Davidson County
No. 2005C1625      Steve R. Dozier, Judge**

No. M2009-00700-SC-R11-CD - Filed August 17, 2011

In these two cases, consolidated for oral argument, defendants entered guilty pleas to one count in their respective indictments in exchange for dismissal of other counts. In both cases, the trial court denied their subsequent requests for expungement of the dismissed charges. Both defendants filed petitions for writ of certiorari. The Court of Criminal Appeals reversed both cases and remanded for entry of orders requiring the requested partial expungement. We granted the State's applications for permission to appeal and ordered supplemental briefing on the issue of whether the Court of Criminal Appeals lacked subject matter jurisdiction. We hold that the procedural requirements for petitions for writ of certiorari set

---

[1] Each of the parties filed motions requesting permission to proceed by pseudonym. In view of our holding in these cases, we have granted the motions and replaced the defendants' names with their initials.

forth in Tennessee Code Annotated section 27-8-106 (2000) do not apply in criminal cases. We further hold that a conviction for one count in an indictment does not preclude expungement of the records relating to a dismissed charge in a separate count. Accordingly, we affirm the judgment of the Court of Criminal Appeals in both cases.

**Tenn. R. App. P. 11 Appeal by Permission;**
**Judgment of the Court of Criminal Appeals Affirmed; Case Remanded**

JANICE M. HOLDER, J., delivered the opinion of the Court, in which GARY R. WADE, WILLIAM C. KOCH, JR., and SHARON G. LEE, JJ., joined. CORNELIA A. CLARK, C.J., not participating.

Robert E. Cooper, Jr., Attorney General and Reporter; Gordon W. Smith, Associate Solicitor General; Mark A. Fulks, Senior Counsel, and Deshea Dulany Faughn and Lacy Elaine Wilber, Assistant Attorneys General, for the appellant, State of Tennessee.

Emma Rae Tennent, Assistant Public Defender (on appeal) and Tyler Yarbro (at trial), Nashville, Tennessee, for the appellee, L.W.

Doug Thurman, Nashville, Tennessee, for the appellee, K.F.

**OPINION**

I. Facts and Procedural History

In July 2005, the Davidson County Grand Jury returned a three-count indictment against K.F. charging her with domestic assault, harassment, and aggravated criminal trespass arising from incidents occurring on three separate days. On September 8, 2005, she entered a guilty plea to domestic assault, and the other counts were dismissed. On January 22, 2009, she filed a petition to expunge the dismissed charges. Following a hearing, the trial court denied the petition, concluding that the expungement statute precludes expungement of a dismissed charge when a defendant has been convicted of another count in the indictment. On appeal by petition for writ of certiorari, the Court of Criminal Appeals reversed the trial court and ordered expungement of the dismissed charges, holding that each count of an indictment represents a separate case for purposes of expungement.

In October 2005, the Davidson County Grand Jury returned a two-count indictment against L.W. charging her with felony possession of cocaine and misdemeanor possession of marijuana arising from a traffic stop. On February 1, 2006, she entered a guilty plea to the misdemeanor marijuana charge, and the felony cocaine charge was dismissed. On July 28, 2009, she filed a motion to expunge the dismissed charge. Following a hearing, the trial

court denied the motion, concluding that a conviction for one count does not necessarily preclude expungement of other counts in the indictment but that L.W. was not entitled to partial expungement because her two counts were "impossibly intertwined." On appeal by petition for writ of certiorari, the Court of Criminal Appeals reversed and ordered partial expungement without addressing the issue of the "intertwined" nature of the charges.

In each case, we granted the State's application for permission to appeal. We consolidated the cases for the purpose of consideration of the common issues.

## II. Analysis

Two issues are before us. The first issue, a threshold matter that we raised, is whether the failure to follow the procedures for petitions for writ of certiorari set forth in Tennessee Code Annotated section 27-8-106 (2000) deprived the Court of Criminal Appeals of jurisdiction to hear these appeals. The second issue is whether a conviction for one count in an indictment precludes expungement of a dismissed charge in a separate count. We address each of these issues in turn.

## A. Writ of Certiorari

The Tennessee Rules of Appellate Procedure do not provide for an appeal as of right from an unfavorable ruling concerning an expungement order. See State v. Adler, 92 S.W.3d 397, 401 (Tenn. 2002).[2] However, parties may appeal from expungement orders by way of the common law writ of certiorari. Id. In Adler, we did not discuss whether the procedural requirements in Tennessee Code Annotated section 27-8-106 apply in such appeals. Instead, the Court considered the State's appeal as a petition for writ of certiorari and addressed the merits of the substantive issue presented. Id. at 401-03.

The statutory provisions governing petitions for writs of certiorari establish certain procedures. These statutory procedures include that "[t]he petition for certiorari may be sworn to before the clerk of the circuit court, the judge, any judge of the court of general sessions, or a notary public, and shall state that it is the first application for the writ." Tenn. Code Ann. § 27-8-106. Thus, the statutory procedures include both a verification requirement (that the petition be "sworn to") and a recitation requirement (that the petition "state that it is the first application for the writ"). Neither K.F.'s nor L.W.'s petition for writ

---

[2] The Adler Court considered the State's appeal of the expungement order as an appeal in a criminal action. Adler, 92 S.W.3d at 399-400. In civil actions, of course, "every final judgment entered by a trial court . . . is appealable as of right." Tenn. R. App. P. 3(a).

of certiorari filed in the Court of Criminal Appeals satisfied the verification or recitation requirements of section 27-8-106.

Although the State did not challenge the procedure used in either appeal, Tennessee Rule of Appellate Procedure 13(b) obligates this Court to consider subject matter jurisdiction whether or not the issue is raised or conceded by a party. A determination of jurisdiction is a question of law, which we review de novo with no presumption of correctness. Northland Ins. Co. v. State, 33 S.W.3d 727, 729 (Tenn. 2000).

This Court has held that a petition for writ of certiorari from the decision of a board or commission pursuant to Tennessee Code Annotated section 27-9-102 (2000) must satisfy the verification and recitation requirements of section 27-8-106 to confer subject matter jurisdiction on the court. Bd. of Prof'l Responsibility v. Cawood, 330 S.W.3d 608, 609 (Tenn. 2010). When a statute confers certiorari jurisdiction, we have strictly construed the procedural requirements imposed by statute. See Depew v. King's, Inc., 276 S.W.2d 728, 728-29 (Tenn. 1955).

The common law writ of certiorari, however, does not owe its existence to statute or to the Tennessee Constitution. See State v. Johnson, 569 S.W.2d 808, 812 (Tenn. 1978) (quoting Tenn. Cent. R.R. v. Campbell, 75 S.W. 1012,1012 (Tenn. 1903)). The common law writ of certiorari in criminal cases predates the Tennessee Constitution. Tenn. Cent. R.R., 75 S.W. at 1012-13. The inclusion of a provision in our original constitution for writs of certiorari, Tenn. Const. art. VI, §§ 6-7 (1796), was to guarantee the availability of the writ in civil cases, as opposed to the previously exclusive use of the writ in criminal cases. Tenn. Cent. R.R., 75 S.W. at 1012-13. These constitutional provisions refer exclusively to civil cases, and the constitutional requirement for "oath or affirmation" applies only to civil cases. Article VI, section 10 of the Tennessee Constitution contains a similar provision: "The Judges or Justices of the Inferior Courts of Law and Equity, shall have power in all civil cases, to issue writs of certiorari to remove any cause or the transcript of the record thereof, from any inferior jurisdiction, into such court of law, on sufficient cause, supported by oath or affirmation." See also Tenn. Cent. R.R., 75 S.W. at 1012-13 ("[I]n order to settle the matter beyond all controversy, a provision was placed in its first Constitution in substance the same as that contained in the present Constitution . . . .").

The General Assembly codified the common law writ of certiorari in Tennessee Code Annotated section 27-8-101 (2000). Adler, 92 S.W.3d at 401. Section 27-8-101 provides:

> The writ of certiorari may be granted whenever authorized by law, and also in all cases where an inferior tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction conferred, or is acting illegally, when,

in the judgment of the court, there is no other plain, speedy, or adequate remedy.

By its terms, the statute recognizes that the common law writ of certiorari was already "authorized by law," and the statute contains additional instances when the writ of certiorari may be used. See Tenn. Code Ann. § 27-8-101.

Tennessee Code Annotated section 27-8-104(a) (2000) describes the power of the circuit and chancery courts to grant writs of certiorari in civil cases: "The judges of the inferior courts of law have the power, in all civil cases, to issue writs of certiorari to remove any cause or transcript thereof from any inferior jurisdiction, on sufficient cause, supported by oath or affirmation." Tenn. Code Ann. § 27-8-104(a) (emphasis added). Tennessee Code Annotated section 27-8-106 describes the procedure by which a petition for writ of certiorari is verified when "oath or affirmation" and "sufficient cause" are required by section 104. The verification and recitation requirements of section 27-8-106, therefore, apply to petitions for writs of certiorari filed in civil cases pursuant to section 27-8-104.

No statute imposes similar procedural requirements on petitions for writs of certiorari in criminal cases. We therefore hold that the failure to follow the procedural requirements of section 27-8-106 for petitions for writ of certiorari in civil cases did not deprive the Court of Criminal Appeals of jurisdiction to hear these appeals.

## B. Partial Expungement

A person who satisfies the criteria in Tennessee Code Annotated section 40-32-101 (2006 & Supp. 2010) is entitled to removal and destruction of public records. K.F. and L.W. argue that they are entitled to expungement of the records for the charges dismissed from their multi-count indictments. The State counters that subsection 40-32-101(a)(1)(E) prohibits expungement of any records related to charges in a multi-count indictment when a defendant has been convicted of at least one count.

This issue presents a matter of statutory interpretation to which we apply a de novo standard of review. State v. Marshall, 319 S.W.3d 558, 561 (Tenn. 2010). Our role in statutory interpretation is to carry out legislative intent without broadening or restricting the statute beyond its intended scope. Id. We find legislative intent in the plain and ordinary meaning of the statutory language when it is unambiguous. Id. When the statute's meaning is in question, however, we may rely on rules of statutory construction. Id.

The expungement statute is "designed to prevent citizens from being unfairly stigmatized" by criminal charges. Adler, 92 S.W.3d at 403. Cognizant of this purpose, we

have construed the word "charge" in the expungement statute to mean "'the specific crime the defendant is accused of committing.'" Adler, 92 S.W.3d at 402 (quoting Black's Law Dictionary (6th ed. 1990)). At the time of the decision in Adler, the expungement statute provided in pertinent part: "All public records of a person who has been charged with a misdemeanor or a felony, and which charge has been dismissed . . . or a verdict of not guilty returned by the jury . . . shall . . . be removed and destroyed without cost to such person . . . ." Tenn. Code Ann. § 40-32-101(a)(1) (Supp. 2002). We therefore held that "a defendant who is convicted of a lesser included offense of the offense sought in the indictment or presentment is entitled to have the record expunged of any greater charge(s) for which the jury finds the defendant not guilty." Adler, 92 S.W.3d at 403.

Fewer than five months after our decision in Adler, the General Assembly amended the expungement statute. See Act of May 8, 2003, ch. 175, 2003 Pub. Acts. 292 (codified as amended at Tenn. Code Ann. § 40-32-101 (Supp. 2010)). The amended statute now provides:

> (A) All public records of a person who has been charged with a misdemeanor or a felony shall, upon petition by that person to the court having jurisdiction in the previous action, be removed and destroyed without cost to the person, if:
>
> (i) The charge has been dismissed;
>
> . . . .
>
> (E) A person shall not be entitled to the expunction of such person's records in a particular case if the person is convicted of any offense or charge, including a lesser included offense or charge.

Tenn. Code Ann. § 40-32-101(a)(1).

The amendment precludes expungement of a conviction for "any offense or charge, including a lesser included offense or charge." Tenn. Code Ann. § 40-32-101(a)(1)(E). The language is unambiguous. A person who is convicted of a lesser included offense is not entitled to have the records of any greater charges expunged, thus effectively abrogating that part of our decision in Adler. The language is equally clear that the preclusion against expungement is not limited to lesser included offenses. The statute prohibits expungement when a person is convicted of "any offense or charge," including a lesser "charge." Tenn. Code Ann. § 40-32-101(a)(1)(E).

-6-

This language "any offense or charge" recognizes that the law permits a conviction for an uncharged offense under certain circumstances. For tactical reasons, a person may choose to plead guilty to an offense that is not charged in the indictment and is not a lesser included offense of the indicted offense. See Studdard v. State, 182 S.W.3d 283, 286-88 (Tenn. 2005) (holding that the trial court had subject matter jurisdiction to accept the defendant's guilty plea to incest even though it was not a lesser included offense of the indicted offense of rape of a child). Therefore, a person who is convicted of any offense or charge arising from an individual count in an indictment or presentment is not entitled to expungement of records relating to that count. The amendment precludes expungement for a conviction for a charged or uncharged offense, including a lesser included offense or a lesser charge, arising from an individual count.

The State argues that the General Assembly intended section 40-32-101(a)(1)(E) to prohibit expungement of all counts in a multi-count indictment or presentment if any of the counts in the indictment results in a conviction. The State bases its argument on the use of the word "case" qualifying those records not subject to expungement: "A person shall not be entitled to the expunction of such person's records in a particular case if the person is convicted of any offense or charge, including a lesser included offense or charge." Tenn. Code Ann. § 40-32-101(a)(1)(E) (emphasis added). The State contends that the word "case" refers to the entire criminal proceeding that is brought by filing an indictment or presentment, not the individual counts within it.

The word "case" is used in a similar context in another subsection of the expungement statute providing for expungement when a nolle prosequi is entered: "Upon petition by a defendant in the court which entered a nolle prosequi in the defendant's case, the court shall order all public records expunged." Tenn. Code Ann. § 40-32-101(a)(3) (Supp. 1996) (emphases added). The Court of Criminal Appeals addressed the right to expungement in State v. Liddle, 929 S.W.2d 415, 415 (Tenn. Crim. App. 1996).[3] In Liddle, the defendant was charged with six separate counts of aggravated battery in a single indictment. In exchange for his plea of guilty to one count, the prosecutor entered a nolle prosequi on the remaining five counts. Because the defendant had pleaded guilty to one count of a multi-count indictment, the trial court denied the petition to expunge the other five counts. The Court of Criminal Appeals reversed, finding no indication that the right to expungement applies only to an entire indictment as opposed to individual charges within an indictment. Id. at 415.

---

[3] With the exception of the replacement of "the court which entered" with "the court that entered" by Act of May 17, 2007, ch. 363, § 2, 2007 Tenn. Pub. Acts 474, 476, there has been no change in the language of subsection 40-32-101(a)(3) since the decision in Liddle.

We agree with the Court of Criminal Appeals' construction of the word "case" in Liddle. We presume that the General Assembly intends the same meaning throughout a statute for the same language used in the same context. Madison Suburban Util. Dist. v. Carson, 232 S.W.2d 277, 280 (Tenn. 1950). Moreover, we presume that the General Assembly has knowledge of its prior enactments and is fully aware of any judicial constructions of those enactments. Davis v. State, 313 S.W.3d 751, 762 (Tenn. 2010). The General Assembly was aware of the construction of the word "case" in Liddle when it used the same word in a similar context in Tennessee Code Annotated section 40-32-101(a)(1). We therefore hold that a conviction for one count in a multi-count indictment or presentment does not preclude expungement of the records relating to a separate count when the criteria of section 40-32-101 have been satisfied.[4]

K.F. is entitled to the expunction of all public records of her charges of harassment and aggravated criminal trespass, which were dismissed. No conviction for any offense or charge, including a lesser included offense or charge, arose from these counts in the indictment. Her conviction for domestic assault arose from a separate count in the indictment.

L.W. is entitled to the expunction of all public records of her charge of felony possession of cocaine. No conviction for any offense or charge, including a lesser included offense or charge, arose from this count in the indictment. Her conviction for misdemeanor possession of marijuana arose from a separate count in the indictment. Although the trial court concluded that L.W. was not entitled to partial expungement due to the "intertwined" nature of the charges, the State has not argued on appeal to this Court that the intertwined nature of the charges prohibits expungement.

### III. Conclusion

We hold that the procedural requirements of Tennessee Code Annotated section 27-8-106 do not apply to petitions for writ of certiorari filed in criminal cases. The failure to follow these procedural requirements, therefore, did not deprive the Court of Criminal Appeals of certiorari jurisdiction to hear the appeals from the expungement orders in these cases. We further hold that a conviction for one count in a multi-count indictment or

---

[4] We observe that applying the State's definition of "case" to Tennessee Code Annotated subsection 40-32-101(a)(3) would contravene legislative intent. The State's interpretation of the word "case" would require the expunction of all public records in a "case" in which a court has entered a nolle prosequi. The expungement would extend to charges to which a defendant has pleaded guilty as well as those that were nolle prossed. See Tenn. Code Ann. § 40-32-101(a)(3). The General Assembly clearly intended that expungement would not extend to charges to which a defendant has been convicted or has pleaded guilty.

presentment does not preclude expungement of the records relating to a dismissed charge in a separate count. Accordingly, we affirm the judgment of the Court of Criminal Appeals in both cases, reversing the denial of the requests for partial expungement and remanding to the trial courts for entry of orders requiring expungement of all records relating to the dismissed charges in the respective cases. Costs of these appeals are taxed to the State of Tennessee.

_____
JANICE M. HOLDER, JUSTICE