IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 14, 2011

# WILLIAM LEE DRUMBARGER v. STATE OF TENNESSEE BOARD OF PROBATION AND PAROLE, CHARLES TRAUGHBER ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 101535III      Ellen H. Lyle, Chancellor**

---

**No. M2011-00086-COA-R3-CV - Filed January 20, 2012**

---

Inmate appeals the dismissal of his petition for writ of certiorari for failure to comply with the statutory requirement of verification. We find no error in the trial court's decision.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR. and RICHARD H. DINKINS, JJ., joined.

William Lee Drumbarger, Henning, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Pamela S. Lorch, Senior Counsel; for the appellees, State of Tennessee Board of Probation and Parole and Charles Traughber.

## OPINION

### FACTUAL AND PROCEDURAL BACKGROUND

William Lee Drumbarger, an inmate in the custody of the Tennessee Department of Correction, filed a petition for common law writ of certiorari against the Tennessee Board of Probation and Parole and others on September 21, 2010. In his petition, Drumbarger challenged the defendants' decision to deny him parole; the parole board's decision became final on July 19, 2010. Drumbarger's petition is notarized and includes the following statement under the heading "Verification":

> I, William Lee Drumbarger, do hereby verify that the preceding petition
> submitted has been placed therewith to the best of my knowledge and

understanding, as well as that this is my first application for Writ of Certiorari in this instance.

The defendants filed a motion to dismiss on October 28, 2010, asserting that the petition should be dismissed pursuant to Tenn. R. Civ. P. 12.02(1) for lack of subject matter jurisdiction because Drumbarger failed to properly verify the petition. On December 20, 2010, the trial court entered a memorandum and order granting the defendants' motion to dismiss due to Drumbarger's failure to "verify his petition for common law writ of certiorari as required by the Tennessee constitution and statutes." After receiving Drumbarger's motion for judgment on the pleadings, the trial court vacated the December order and entered a new order on February 16, 2011, in which the court reiterated its previous reasoning and again granted the defendants' motion to dismiss. The court also denied Drumbarger's motion for judgment on the pleadings.

In this appeal, Drumbarger argues that the verification included in his petition was sufficient to satisfy the statutory requirement, and that the trial court erred "in not advising him that his petition could be dismissed if not amended." For the reasons discussed below, we reject both arguments.

STANDARD OF REVIEW

The defendants moved to dismiss pursuant to Tenn. R. Civ. P. 12.02(1) for lack of subject matter jurisdiction. Our Supreme Court has held that, "[s]ince a determination of whether subject matter jurisdiction exists is a question of law, our standard of review is de novo, without a presumption of correctness." *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000).

ANALYSIS

Article 6, section 10 of the Tennessee Constitution provides that judges of the inferior courts of law and equity shall have the power in civil cases to issue writs of certiorari "supported by oath or affirmation." Consistent with the constitution, Tenn. Code Ann. § 27-8-104(a) provides:

> The judges of the inferior courts of law have the power, in all civil cases, to issue writs of certiorari to remove any cause or transcript thereof from any inferior jurisdiction, on sufficient cause, *supported by oath or affirmation*.

(Emphasis added). Tennessee cases have consistently held that subject matter jurisdiction must be conferred by constitutional or legislative act and that a writ of certiorari must satisfy

-2-

the verification requirement in order for the court to have subject matter jurisdiction. *Bd. of Prof'l Responsibility v. Cawood*, 330 S.W.3d 608, 609 (Tenn. 2010); *Jackson v. Tenn. Dept. of Corr.*, 240 S.W.3d 241, 245 (Tenn. Ct. App. 2006); *Wilson v. Tenn. Dept. of Corr.*, No. W2005-00910-COA-R3-CV, 2006 WL 325933, at *4 (Tenn. Ct. App. Feb. 13, 2006); *see also State v. L.W.*, 350 S.W.3d 911, 915 (Tenn. 2011).

Drumbarger argues that the statement used in his petition for writ of certiorari is good enough to satisfy the verification requirement. We cannot agree. In distinguishing verification from acknowledgment, this court has previously made clear that "verification establishes the truth of the document's contents" (whereas acknowledgment establishes the proper execution of the document). *D.T. McCall & Sons v. Seagraves*, 796 S.W.2d 457, 463 (Tenn. Ct. App. 1990). Addressing the verification requirement applicable to petitions for post-conviction relief, the Court of Criminal Appeals rejected the following sworn statement as insufficient:

> First being duly sworn, I Charles Montague, do hereby swear that I drafted this Post-Conviction Petition, and I have knowledge and understanding of the allegations contained therein.

*Montague v. State*, No. E2000-01330-CCA-R3-PC, 2001 WL 1011464, at *2 (Tenn. Crim. App. Sept. 4, 2001). The court characterized this statement as "an acknowledgment that the petitioner was aware of the contents of the documents, not that he swore to the truthfulness of such statements." *Id.*

Applying these principles to the facts at issue here, we agree with the trial court's conclusion that Drumbarger's statement "verifies only that he has knowledge and understanding of the allegations; the statement does not establish the truth of the document's contents." While Drumbarger urges this court to apply the liberal standards of interpretation generally used by Tennessee courts with respect to pleadings, this court is not at liberty to do so with respect to statutory and constitutional procedural requirements necessary to confer subject matter jurisdiction, which must be strictly construed. *See State v. L.W.*, 350 S.W.3d at 915. Moreover, although we afford pro se litigants a significant amount of deference, we cannot excuse such litigants from compliance with the procedural and substantive law applicable to all parties. *Eads v. Tenn. Dept. of Corr.*, No. E2010-02246-COA-R3-CV, 2011 WL 3847403, at *2 (Tenn. Ct. App. Aug. 31, 2011); *Jackson*, 240 S.W.3d at 247; *Wilson*, 2006 WL 325933, at *5.

Drumbarger's final argument is that, instead of dismissing his petition, the trial court should have advised him that his petition was subject to dismissal unless he supplied proper verification. Tennessee Code Annotated section 27-9-102 provides that a petition for a writ

of certiorari must be filed within sixty days of the entry of the order or judgment being challenged. The 60-day time limit is jurisdictional in civil cases. *Jefferson v. Pneumo Servs. Corp.*, 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985). In this case, the final administrative decision was entered on July 19, 2010. Even when the trial court entered its initial denial of the defendants' motion to dismiss on December 20, 2010, the 60-day time limit had already passed. Without the filing of a properly certified petition for writ of certiorari or an order granting an extension of the 60-day deadline within the 60-day period, the court no longer has jurisdiction once the sixty days have expired. *Blair v. Tenn. Bd. of Probation & Parole*, 246 S.W.3d 38, 41 (Tenn. Ct. App. July 27, 2007). Moreover, a trial court is under no obligation to advise a pro se litigant to amend his or her complaint.

CONCLUSION

We affirm the trial court's decision. Costs of appeal are assessed against Mr. Drumbarger, and execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE