IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 8, 2021

**STATE OF TENNESSEE v. FRANK LAYMAN GLAVIN**

**Appeal from the Circuit Court for Bedford County**
**No. 2011-CR-17226     M. Wyatt Burk, Judge**

_____

**No. M2020-01125-CCA-R3-CO**

_____

Petitioner, Frank Layman Glavin, appeals the denial of his petition to expunge his evading arrest conviction claiming that the trial court misapplied the expunction statute. *See* T.C.A. § 40-32-101(k)(Supp. 2020). We conclude that Petitioner does not meet the plain language requirements of section 40-32-101(k) of the Tennessee Code, and accordingly affirm the trial court's order.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JILL BARTEE AYERS, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and ROBERT H. MONTGOMERY, JR., joined.

Garrett D. Haynes, (at trial and on appeal) Shelbyville, Tennessee, for the appellant, Frank Layman Glavin.

Herbert H. Slatery III, Attorney General and Reporter; Samantha L. Simpson, Assistant Attorney General; Robert J. Carter, District Attorney General; and Michael E. Randles, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Facts and Procedural History**

Petitioner was indicted by the Bedford County Grand Jury for felony evading arrest, driving under the influence of an intoxicant ("DUI"), second offense, violating the implied consent law, speeding, and failing to produce a vehicle registration. *See Frank L. Glavin v. State*, No. M2012-00550-CCA-R3-CD, 2013 WL 593406 at *1 (Tenn. Crim. App., at Nashville, Feb. 14, 2013), *no perm. app. filed*. On October 25, 2011, a jury convicted Petitioner of all charges except for the charge of DUI, second offense. On January 5, 2012, Petitioner pled guilty to the lesser offense of DUI, first offense, and received a total

effective sentence of one-year in the county jail for the five convictions. On direct appeal, this court affirmed the evading arrest conviction, but reversed and vacated the conviction for violating the implied consent law.

On July 17, 2020, Petitioner filed a petition to expunge his evading arrest conviction under section 40-32-101(k) of the Tennessee Code ("Subsection (k)"). In a footnote in his brief, Petitioner explained that his citation to section 40-32-101(g) of the Tennessee Code ("Subsection (g)") in the opening paragraph of the petition was a typographical error and that the petition was framed to seek expunction under Subsection (k). Petitioner acknowledged that he had been convicted of a felony and a misdemeanor but was petitioning only to expunge "the eligible felony." In support of his petition, Petitioner stated that at least five years had elapsed since the completion of the sentence for evading arrest, that he had paid all fines, restitution, court costs, and other assessments as ordered by the trial court, that he had completed all terms of imprisonment, probation, or parole, that he had completed the conditions of release, that he has remained free from dependency on or abuse of alcohol or a controlled substance for a period of not less than one year, and that it was his first time petitioning for expunction. Petitioner attached as an exhibit to his petition, copies of the judgments of conviction in the case, including the vacated judgment for violation of the implied consent law.

On July 17, 2020, the trial court heard arguments on the petition. No proof was offered. Petitioner asserted that he was entitled to expunction of his evading arrest conviction under Subsection (k) of the expunction statute. It was uncontested that Petitioner had met the procedural requirements for seeking expunction as enumerated in in the statute. *See* T.C.A. § 40-32-101(k)(1)(C), (D). At the conclusion of the hearing, the trial court indicated that it would enter a written order rather than make a ruling from the bench. However, the trial court did state that Petitioner was not entitled to expunction under Subsection (g) because the DUI conviction arising out of the same incident as the evading arrest disqualified Petitioner.

In its order, the trial court addressed Petitioner's claim for expunction under both Subsection (g) and Subsection (k) of section 40-32-101 of the Tennessee Code. Consistent with its ruling from the bench and relying on *State v. Mark D. Moraca,* No. E2017-01536-CCA-R3-CD, 2018 WL 2025240 (Tenn. Crim. App., at Knoxville, May 1, 2018), *perm. app. denied* (Tenn. Sept. 14, 2018), the trial court denied the petition to expunge the evading arrest conviction under Subsection (g) because all of Petitioner's convictions were not eligible for expunction as required under section 40-32-101(g)(1)(E) of the Tennessee Code.

In denying the petition under Subsection (k), the trial court rejected Petitioner's argument that Subsection (k) only applied to his evading arrest conviction and not his DUI conviction.

The [Petitioner] seeks to "cherry pick" one qualifying offense, while ignoring the ineligible DUI conviction. Subsection (k) provides an avenue for expunction of two offenses if the *offenses* (plural) were: (i) Two (2) misdemeanors; or (ii) One (1) felony and one (1) misdemeanor;" not merely <u>one offense</u>; while ignoring the other ineligible offense. Further, the statutory intent is further expressed by subsection (k)(2) wherein the statute reads "(a) person m[a]y petition for expunction of *two (2) offenses* under this subsection (k) only one (1) time." As such, subsection (k) is not an available avenue for which the [Petitioner] may seek expunction, due to the fact that one (1) of his two (2) conviction is ineligible for expunction under subsection (g) (DUI first). (Emphasis in original.) (Internal citations omitted.)

It is from this order that Petitioner filed a timely notice of appeal.

**Analysis**

At issue in this case is the application of the newly enacted Subsection (k) of Tennessee's expunction statute. On appeal, Petitioner concedes that the trial court did not err in denying the petition to expunge under Subsection (g). He argues, however, that the trial court erred when it applied a prohibition found in Subsection (g) to Subsection (k), unduly restricting the scope of expungable offenses under Subsection (k). He also claims that the trial court erred by placing undue emphasis on the word "offenses" (plural) in the statute when Petitioner only sought expungement for one offense. The State argues that the trial court properly denied the petition to expunge under the plain language of Subsection (k) because Petitioner was convicted of more than two offenses, and permitting a petitioner to choose offenses to expunge would undermine and obviate Subsection (g). We agree with the State.

When reviewing issues of statutory construction, we conduct a de novo review of the trial court's rulings with no presumption of correctness. *State v. Welch,* 595 S.W.3d 615, 621 (Tenn. 2020); *State v. Tolle,* 591 S.W.3d 539, 543 (Tenn. 2019). The court's role in interpreting a statute is to carry out legislative intent without broadening or restricting the statute beyond its intended scope. *Welch*, 595 S.W.3d at 621; *State v. Howard,* 504 S.W.3d 260, 269 (Tenn. 2016). Legislative intent is found in the plain and ordinary meaning of the statute. *State v. L.W.*, 350 S.W.3d 911, 916 (Tenn. 2011). Thus, "courts are to give effect to the ordinary meaning of the words used in the statute and presume that each word used was purposely chosen by the legislature to convey a specific meaning." *State v. Marise*, 197 S.W.3d 762, 766 (Tenn. 2006). "When statutory language is clear and unambiguous, we must apply its plain meaning in its normal and accepted use, without a forced interpretation that would extend the meaning of the language[.]" *See Carter v. Bell*, 279 S.W.3d 560, 564 (Tenn. 2009) (citation omitted).

There are several well-established principles regarding statutory construction. Courts presume that the legislature intended the same meaning throughout a statute for the same language used in the same context. *See L.W.,* 350 S.W.3d at 918 (agreeing with this court's construction of the word "case" in the expunction statute in *State v. Liddle,* 929 S.W.2d 415, 415 (Tenn. Crim. App. 1996)). Courts must "resolve any possible conflict between statutes to provide for a harmonious operation of the laws." *Frazier v. State,* 558 S.W.3d 145, 153 (Tenn. 2018). "Statutes that relate to the same subject matter or have a common purpose must be read *in pari materia* so as to give the intended effect to both." *Nunley v. State*, 552 S.W.3d 800, 825 (Tenn. 2018) (quoting *In re Kaliyah S.*, 455 S.W.3d 533, 552 (Tenn. 2015). A more specific statutory provision takes precedence over a more general provision. *Frazier,* 558 S.W.3d at 153. And "where the legislature includes particular language in one section of a statute but omits it in another section of the same act, it is generally presumed that the legislature acted purposefully in the subject included or excluded." *Welch*, 595 S.W.3d at 623 (quoting *State v. Loden*, 920 S.W.2d 261, 265 (Tenn. Crim. App. 1995)). "Where different sections are apparently in conflict we must harmonize them, if practicable, and lean in favor of a construction which will render every word operative." *See Bible & Godwin Const. Co. v. Faener Corp.*, 504 S.W.2d 370, 371 (Tenn. 1974). Furthermore, courts must also presume that the legislature is aware of its prior enactments and decisions of the courts when enacting legislation. *See Carter*, 279 S.W.3d at 564.

Our supreme court has recognized that the expunction statute is "'designed to prevent citizens from being unfairly stigmatized' by criminal charges." *L.W.*, 350 S.W.3d at 916 (quoting *State v. Adler,* 92 S.W.3d 397, 403 (Tenn. 2002)). The expunction of criminal records was historically confined to persons whose charges had been dismissed, whose charges resulted in acquittal, or who had completed a diversion program. *See, e.g.,* T.C.A. § 40-32-101(a)(1)(A), (B); *see Adler,* 92 S.W.3d at 403 (following his conviction and service of sentence for the lesser-included offense of misdemeanor reckless endangerment of child, petitioner was entitled to expungement of public records relating to his indictment, prosecution, and trial for the greater acquitted offense of felony aggravated child neglect); *see also L.W.,* 350 S.W.3d at 918 (petitioner entitled to expunction of dismissed charges in multi-count indictment).

In 2008, the legislature expanded the definition of an eligible petitioner to include a person who had been "charged *and convicted* with a misdemeanor or felony while protesting or challenging a state law or municipal ordinance whose purpose was to maintain or enforce racial segregation or racial discrimination[.]" T.C.A. § 40-32-101(f) (2008) (emphasis added). Despite the broadening of the statute to include convicted offenses, expunction was available only in the most rigid of circumstances. *Id.* § 40-32-101(f)(1)(E)(i) (thirty-seven years or more must have elapsed since the date of conviction and the petitioner must not have been convicted of any other offense during that time except minor traffic violations).

In 2012, the legislature expanded the expunction statute in a significant way by adding Subsection (g). By doing so, the legislature defined an "eligible petitioner" to include a class of persons convicted of generally non-violent, non-sexual, and non-drug misdemeanor or felony offenses. T.C.A. § 40-32-101(g)(1)(A)-(C). Since the 2012 enacted legislation, a person can petition for expunction if convicted of one Class E felony among a list of Class E felonies with a sentence of three years or less. *Id.* § 40-32-101(g)(1)(A). At the same time, the legislature prohibited 40 specifically enumerated misdemeanors from expunction. *Id.* § 40-32-101(g)(1)(B). Since the inception of Subsection (g), evading arrest remains an eligible offense for expunction while DUI remains ineligible. *Id.* § 40-32-101(g)(1)(A)(xxix) *cf. Id.* § 40-32-101(g)(1)(B)(xlv).

Following the plain language of Subsection (g)(2)(A), a person can petition for the expunction of only one conviction, be it an eligible misdemeanor or a Class E felony, if "at the time of filing, the person has never been convicted of any criminal offense, including federal offenses and offenses in other states, other than the offense committed for which the petition for expunction is filed." T.C.A. § 40-32-101(g)(2)(A); *see also State v. Trish Wooley*, No.. W2014-00556-CCA-R3-CD, 2014 WL 12649794, at *3 (Tenn. Crim. App., at Jackson, Dec. 18, 2014) (Subsection (g)(2)(A) prohibits expunction of more than one conviction in a multiple count indictment), *no perm. app. filed.*

Under Subsection (g), a trial court's consideration does not end at whether an offense is an eligible felony or misdemeanor. Five years must have elapsed since the completion of the sentence. T.C.A. § 40-32-101(g)(2)(B). In addition, a petitioner must have fulfilled all the requirements of the sentence imposed by the court in which the individual was convicted, including:

> (i) Payment of all fines, restitution, court costs and other assessments;
>
> (ii) Completion of any term of imprisonment or probation;
>
> (iii) Meeting all conditions of supervised or unsupervised release; and
>
> (iv) If so required by the conditions of the sentence imposed, remaining free from dependency on or abuse of alcohol or a controlled substance or other prohibited substance for a period of not less than one (1) year.

*Id.* § 40-32-101(g)(2)(C).

In 2014, the legislature added an exception to the expunction statute to permit the expunction of multiple convictions from a single continuous criminal episode with a single criminal intent when all convictions are eligible for expunction. *See* T.C.A. § 40-32-101(g)(1)(E) Despite the potential to expunge multiple convictions, the legislature confined the purpose of Subsection (g)(1)(E) to expungement of "a single offense." *See*

*Trish Wooley*, 2014 WL 12649794, at *3 (although convicted of multiple offenses in the same indictment, petitioner's convictions could not be considered a single offense under the statute because the indictment indicated that the conduct forming the basis of the convictions occurred on differing dates, was committed against different victims, and did not represent a single continuous criminal episode with a single criminal intent).

This court has consistently held that under Subsection (g)(1)(E), all of a petitioner's convictions must be eligible for expunction; otherwise none of them are. *See State v. Ann Dodd*, No. M2015-01469-CCA-R3-CD, at *3 (Tenn. Crim. App., at Nashville, Mar. 15, 2016) ("[u]nder the plain and unambiguous terms of the statute, the petitioner is not entitled to expunction of her simple possession conviction because she is not entitled to expunction of her DUI conviction"), *no perm. app. filed*; *State v. Ryan M. Delaby*, No. E2014-00772-CCA-R3-CD, at *4 (Tenn. Crim. App., at Knoxville, April 2, 2015) ("[t]he defendant's convictions of assault and domestic assault are not eligible for expunction, *see* [T.C.A.] § 40-32-101(g)(1)(B)(i), (iii), thus rendering his conviction of vandalism ineligible for [expunction] under the amended statute"), *no perm. app. filed*; *Mark D. Moraca,* No. E2017-01536-CCA-R3-CD, 2018 WL 2025240, at *2 (Tenn. Crim. App., at Knoxville, May 1, 2018) (order denying petition for expunction affirmed where all of the petitioner's convictions were not eligible for expunction), *perm. app. denied* (Tenn. Sept. 14, 2018).

In 2017, Tennessee General Assembly again amended the expunction statute by adding Subsection (k) which broadened the definition of an "eligible petitioner." The eligibility is not however, defined by the particular offense but by the number of convictions:

(k)(1) Notwithstanding subsection (g), effective July 1, 2017, for purposes of this subsection (k), an "eligible petitioner" means a person who was convicted of no more than two (2) offenses and:

(A) Each of the offenses for which the petitioner seeks expunction are offenses that are eligible for expunction under subsection (g);

(B) The offenses were:

(i) Two (2) misdemeanors; or

(ii) One (1) felony and one (1) misdemeanor;

(C)(i) At the time of the filing of the petition for expunction at least five (5) years have elapsed since the completion of the sentence imposed for the most recent offense; and …

- 6 -

(D) The person has fulfilled all the requirements of the sentences imposed by the court for each offense the petitioner is seeking to expunge, including:

(i) Payment of all fines, restitution, court costs, and other assessments for each offense*;*

(ii) Completion of any term of imprisonment or probation for each offense;

(iii) Meeting all conditions of supervised or unsupervised release for each offense; and

(iv) Remaining free from dependency on or abuse of alcohol or a controlled substance or other prohibited substance for a period of not less than one (1) year, if so required by the conditions of any of the sentences imposed.

(2) A person may petition for expunction of two (2) offenses under this subsection (k) only one (1) time.

(3) [Deleted by 2019 Amendment].

(4) Subdivisions (g)(3)-(6), (8), (12), and (13) shall apply to a petition filed under this subsection (k).

T.C.A. § 40-32-101(k)(1).

Petitioner insists that his evading arrest conviction is eligible for expunction under Subsection (k) because it is the only offense for which he is seeking expunction among his four convictions. In making this argument, he relies heavily on Subsection (k)(1)(A) ("Each of the offenses for which the petitioner seeks expunction are offenses that are eligible for expunction under subsection (g).") He contends that Subsection (k) "contains no language that would prohibit an otherwise eligible petitioner from expunging his record if he has been convicted of an ineligible offense." We disagree. Under the plain language of Subsection (k)(1), an eligible petitioner is "a person who was convicted of no more than two (2) offenses." Petitioner was convicted of four offenses.

It is also important to recognize that the legislature used the connector "and," instead of "or," between (k)(1) and (k)(1)(A), which shows that a petitioner must meet the two convictions requirement of Subsection (k)(1) and the eligible offense requirement of Subsection (k)(1)(A) to qualify for expunction. As a result, the phrase, "Each of the offenses for which the petitioner seeks expunction are offenses that are eligible for

expunction," in Subsection (k)(1)(A), does not stand independent of the language that precedes it in Subsection (k)(1). By using "and," the legislature narrowed the "offenses for which the petitioner [can] seek[] expunction" to two offenses. Accordingly, an eligible petitioner must have "no more than two" convictions *and* both convictions must be an eligible offense under Subsection (g). In this case, Petitioner is simply ineligible for expunction under Subsection (k) because he "was convicted" of four offenses.

While we agree with Petitioner that the "same occurrence" exception of Subsection (g)(1)(E), is not a requirement of Subsection (k), we reject Petitioner's reading of Subsection (k) as a mechanism to choose to expunge just one of multiple convictions. Reading the two subsections *in pari materia* shows that the purpose of Subsection (k) was to allow petitioners to expunge two convictions in separate criminal episodes "notwithstanding" Subsection (g).

In addition to the plain language of the statue, several considerations bolster our construction of Subsection (k). First, the legislature chose to exclude the "single continuous criminal episode" exception of Subsection (g)(1)(E) in Subsection (k), but not for the reasons advanced by Petitioner. Under those narrow circumstances, multiple eligible convictions from a single continuous criminal episode with a single criminal intent may be subject to expunction under Subsection (g)(1)(E) (2020). The same does not hold true for eligible convictions which do *not* occur contemporaneously, at the same location, as part of a single criminal episode, and with the same criminal intent. *See Trish Wooley*, 2014 WL 12649794, at *3. Thus, a petitioner with eligible offenses in two separate cases cannot qualify for expunction under Subsection (g). However, because the "single continuous criminal episode" language of (g)(1)(E) is not a requirement for expunction under Subsection (k), a petitioner convicted of "no more than two" offenses from different criminal episodes which are eligible under Subsection (g) is not precluded from petitioning for expunction under Subsection (k).

Second, the legislature's decision to expressly limit the expungable convictions to two misdemeanors, or one misdemeanor and one felony, with no other requirement, signaled its intent to use Subsection (k) for two convictions, not one. On the other hand, the language of Subsection (g)(2) shows that it is the mechanism to expunge one conviction. *Trish Wooley*, 2014 WL 12649794, at *3.

Third, the requirements regarding sentence completion under Subsection (k) contemplate more than one offense: "At the time of the filing of the petition for expunction at least five (5) years have elapsed since the completion of the sentence imposed *for the most recent offense*." T.C.A. § 40-32-101(k)(1)(C)(i) (emphasis added). Likewise, the court-imposed requirements of a sentence under Subsection (k) are distinct from the same requirements for Subsection (g) and again contemplate more than one conviction. The modification of each requirement with the phrase "for the most recent offense, "for each

offense," or "of any of the sentences imposed," reflects the legislature's intent to add Subsection (k) as a mechanism to expunge two convictions, not one.

Finally, section 40-32-101(k)(4) of the Tennessee Code provides: "Subdivisions (g)(3)-(6), (8), (12), and (13) shall apply to a petition filed under this subsection (k)." Thus, the remaining provisions of Subsection (g) do not apply to a petition filed under Subsection (k). Section 40-32-101(g)(2)(A) of the Tennessee Code provides that for purposes of Subsection (g), "any moving or non-moving traffic offense shall not be considered a criminal offense as used in this subdivision (g)(2)(A)." The legislature specifically excluded this provision from being applicable to Subsection (k). All four of Petitioner's convictions must be considered in applying Subsection (k) to his petition. Accordingly, he is not an eligible petitioner under Subsection (k).

Here, the trial court properly determined that Subsection (k) "provid[ed] an avenue for expunction of two offenses" and was not constructed to "ignor[e] the other ineligible offense." Because Petitioner was convicted of four offenses, he is not an "eligible petitioner" for expunction under the plain language of Subsection (k). The trial court properly denied his petition to expunge his evading arrest conviction. Petitioner is not entitled to relief.

## Conclusion

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
JILL BARTEE AYERS, JUDGE

- 9 -