IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 1, 2021

## TELI WHITE v. SHELBY COUNTY BOARD OF EDUCATION

**Appeal from the Chancery Court for Shelby County**
**No. CH-18-0953     Jim Kyle, Chancellor**

_____

**No. W2020-00278-COA-R3-CV**

_____

Appellee, a tenured high school teacher, petitioned for judicial review of Appellant Shelby County Board of Education's decision to terminate his employment. Without making findings to explain its reasoning, the trial court remanded the case to the school board for a second hearing. From our review, neither party argued that the school board's initial hearing was procedurally deficient. As such, the trial court's decision to remand the case to the school board, without findings to support such decision, was error. Vacated and Remanded

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Chancery Court
Vacated and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and KRISTI M. DAVIS, J., joined.

Rodney G. Moore and Yasmin Annur Mohammad, Atlanta, Georgia, for the appellant, Shelby County Board of Education.

Darrell J. O'Neal and Laura Smittick, Memphis, Tennessee, for the appellee, Teli White.

## OPINION

### I. Background

Appellee Teli White was employed by Appellant Shelby County Board of Education ("SCBE") for approximately 17 years as a teacher and football coach at Trezevant High School ("Trezevant"). In 2016, Trezevant's principal performed a routine transcript audit and discovered several discrepancies between report card grades and grades on student

transcripts. SCBE commenced an investigation concerning the transcript changes. Because the investigation revealed that the transcripts of certain student football players may have been altered, Mr. White, the football coach, was interviewed several times by SCBE's Labor Relations personnel. Mr. White maintained that he was unaware of any changes to any of the players' transcripts and denied any involvement. However, in the course of the investigation, SCBE's Information Technology (IT) department reviewed Mr. White's computers and found approximately 10 student transcripts (several of which were student football player transcripts) on Mr. White's computers. IT determined that a minimum of 3 transcripts had been altered while the affected students were enrolled at Trezevant. IT also found a May 28, 2015 email addressed to Mr. White from a former Trezevant administrative assistant. The email had an altered transcript attached to it and informed Mr. White that, "His final office transcript is in your box in a sealed envelope. Your copy is in your box also." SCBE's Labor Relations investigative team concluded the investigation in October 2016. As a result of its findings, SCBE suspended Mr. White for 5 days without pay.

In June 2017, SCBE retained a law firm to conduct further investigation into the transcript changes (the "second investigation"). In gathering information during the second investigation, SCBE discovered additional evidence on Mr. White's SCBE-issued computer. This new evidence allegedly showed that Mr. White not only possessed the altered transcripts, but also that he either made the changes himself or facilitated the changes to those transcripts. SCBE's lawyers interviewed Mr. White regarding the new evidence and concluded that Mr. White not only participated in the transcript changes, but also that he "had been absolutely untruthful during [the] first [investigation]." At the conclusion of the second investigation, and in light of the newly discovered evidence, SCBE terminated Mr. White's employment on the grounds that he had violated SCBE policies, had neglected his duty, and had engaged in conduct unbecoming to a member of the teaching profession. On December 5, 2017, written charges were submitted to the SCBE school board, and the board subsequently approved the termination of Mr. White's employment.

Mr. White requested an appeal of the SCBE's decision pursuant to Tennessee Code Annotated Section 49-5-512(a) ("A tenured teacher who receives notification of charges pursuant to § 49-5-511 may, within thirty (30) days after receipt of the notice, demand a full and complete hearing on the charges before an impartial hearing officer selected by the board . . . ."). Following a two-day hearing, the Hearing Officer concluded that Mr. White engaged in conduct unbecoming to a member of the teaching profession and neglected his duty as a teacher by fraudulently altering the transcript grades of Trezevant students, and by providing false statements and/or failing to be forthcoming during the first and second investigations.

Mr. White appealed to the SCBE school board, which conducted a fully-compliant, evidentiary hearing and ultimately sustained the Hearing Officer's ruling. On June 27, 2018, Mr. White timely filed a Verified Petition for Writ of Judicial Review pursuant to Tennessee Code Annotated section 49-5-513, *see infra*, in the Shelby County Chancery Court ("trial court"). On August 7, 2019 the trial court granted Mr. White's motion for leave to amend, and Mr. White filed an Amended Petition for Writ of Judicial Review on August 15, 2019. On September 15, 2019, SCBE filed its answer. The school board's record was transmitted to the trial court.

The trial court held a hearing on December 17, 2019. In its order of January 21, 2020, the trial court reviewed the relevant procedural history of the case before holding:

> Here, after its initial investigation, [SCBE] suspended [Mr. White] for five (5) days without pay. [SCBE] then dismissed [Mr. White] based on substantially the same facts and allegations. . . . [T]his Court finds that [SCBE] cannot discipline [Mr. White] twice for substantially the same conduct. Therefore, [Mr. White] shall be reinstated in a comparable position as the one he was dismissed from with the Shelby County Board of Education beginning the first day of the January 2020 semester. Further, this Court denies [Mr. White] any award of attorney's fees and back pay.
>     IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that [Mr. White's] Petition for Writ of Judicial Review is GRANTED, and [SCBE's] decision to dismiss [Mr. White] is overturned. [Mr. White] shall be reinstated in a comparable position as the one he was dismissed from with the Shelby County Board of Education beginning the first day of the January 2020 semester. Further, this Court denies [Mr. White] any award of attorney's fees and back pay. This is a final order pursuant to Rule 54. Costs are assessed to [SCBE].

On February 17, 2020, Mr. White filed a Motion to Alter or Amend Judgment asserting that he was entitled to reinstatement with back pay. Additionally, Mr. White filed a Motion to Enforce, for Sanctions and Attorney's fees arguing that SCBE was in contempt for failure to reinstate Mr. White by the time allowed in the trial court's January 21, 2020 order. Before Mr. White's motions were heard, on February 20, 2020, SCBE filed a notice of appeal to this Court. On June 18, 2020, this Court entered a show cause order based on the lack of a final judgment. Thereafter, on July 20, 2020, this Court granted SCBE's motion to stay the appeal pending resolution of Mr. White's pending motions.

On August 19, 2020, SCBE filed responses to Mr. White's motions. Following a status conference on September 21, 2020, the trial court entered an order on September 29, 2020, wherein it held:

Having considered the submissions from both parties, the Court hereby VACATES the January 21, 2020 Order and orders the parties to mediation. In the event mediation fails, the Court will set this matter for a hearing. It is so Ordered.

On December 21, 2020, the trial court held a status conference as a result of the unsuccessful mediation.[1] On March 8, 2021, the trial court entered an "Order Remanding Matter for Teacher Tenure Hearing," wherein it held, in relevant part:

8. Based on the failure of the parties to come to a settlement, [Mr. White's] Motion to Alter or Amend, [SCBE's] Response, this Court's prior order vacating the ruling reinstating [Mr. White], and a review of the record as a whole, this Court remands this matter for a new hearing before an administrative hearing officer selected by the SCBE pursuant to the Teacher Tenure Act.
9. This hearing shall not be limited in scope to a particular topic, but shall be a new hearing on the merits of Mr. White's termination pursuant to the Teacher Tenure Act found at Tenn. Code Ann. § 49-5-501 *et. seq*.

On April 26, 2021, SCBE filed its Amended Notice of Appeal.

## II. Issues

As set out in its brief, SCBE raises the following issues for review:

1. Whether Shelby County Board of Education disciplined Appellee Teli White for the same behavior on two occasions, and if it did so, whether the Teacher Tenure Act prohibits such discipline.
2. Whether the Tennessee Teacher Tenure Act allows a Chancery Court to remand a case to the local school board for a new hearing.
3. If the Tennessee Teacher Tenure Act allows remand as a remedy, must the Chancery court specify the scope of the rehearing.

## III. Standard of Review

As the Tennessee Supreme Court stated in *Emory v. Memphis City Schools Board of Education*,

it is apparent that the standard of review under the Tenure Act is not the standard applicable to a common law writ of certiorari. Instead, the standard

---

[1] We do not reach the question of whether the trial court had authority, under the Act, to order the parties to mediate. This issue was rendered moot following the parties' attempt at mediation.

- 4 -

of review specified in the statute is intended to permit the chancery court to address the intrinsic correctness of the school board's decision. The appellate court in ***Ripley*** [***v. Anderson Co. Bd. of Educ.***, 293 S.W.3d 154 (Tenn. Ct. App. 2008)] aptly described this standard of review: "The chancery court's review, as contemplated by [section 49-5-513], is a de novo review wherein the chancery court does not attach a presumption of correctness to the school board's findings of fact, nor is it confined to deciding whether the evidence preponderates in favor of the school board's determination." The teacher does not have the ability to present new evidence on the merits of the charges; the chancery court's de novo review is limited to the record of the school board proceedings.

***Emory v. Memphis City Schools Bd. of Educ.***, 514 S.W.3d 129, 141-42 (Tenn. 2017) (internal citations omitted). Thus, the chancery court is to review appeals under the Act pursuant to the standard of review as explained above in ***Emory***. If an appeal is taken from the decision of the chancery court to this Court, we review the chancery court's decision pursuant to Tennessee Rule of Appellate Procedure13(d). The chancery court's findings of fact are reviewed de novo with a presumption of correctness unless the evidence preponderates otherwise. ***Id***. at 142; Tenn. R. App. P. 13(d). Issues of law are reviewed de novo, with no presumption of correctness given to the chancery court's conclusions. ***Id***.

## IV. Analysis

We begin with Appellant's second issue, *i.e.*, whether the Act allows the trial court to remand the case to the local school board for a new hearing. Under the specific facts of this case, in which the trial court made no finding that the school board's initial hearing was deficient, we conclude that the remand for a second hearing was error. The judicial remedy afforded a tenured teacher is established and governed by Tennessee Code Annotated section 49-5-513, which provides, in relevant part:

(a) A tenured teacher who is dismissed or suspended by action of the board pursuant to § 49-5-512(c)(3), or suspended by action of the director pursuant to § 49-5-512(d)(4), may petition for a writ of certiorari from the chancery court of the county where the teacher is employed.

\*\*\*

(g) The cause shall stand for trial and shall be heard and determined at the earliest practical date, as one having precedence over other litigation, except suits involving state, county or municipal revenue. **The review of the court shall be limited to the written record of the hearing before the board and any evidence or exhibits submitted at the hearing.** Additional evidence or testimony shall not be admitted except as to establish arbitrary or capricious

- 5 -

action or violation of statutory or constitutional rights by the board.

> (h) The chancellor shall reduce the chancellor's findings of fact and conclusions of law to writing and make them parts of the record.
> (i) Any party dissatisfied with the decree of the court may appeal as provided by the Tennessee rules of appellate procedure, where the cause shall be heard on the transcript of the record from the chancery court.

Tenn. Code Ann. § 49-5-513 (emphasis added). "Our role in statutory interpretation is to carry out legislative intent without broadening or restricting the statute beyond its intended scope." *State v. L.W.*, 350 S.W.3d 911, 916 (Tenn. 2011) (citing *State v. Marshall*, 319 S.W.3d 558, 561 (Tenn. 2010)). The plain and ordinary meaning of the statutory language guides our understanding of legislative intent when the language is unambiguous. *Id*. (citing *Marshall*, 319 S.W.3d at 561). Words used in the statute "'must [also] be given their natural and ordinary meaning in the context in which they appear and in light of the statute's general purpose.'" *Ray v. Madison Cnty.*, 536 S.W.3d 824, 831 (Tenn. 2017) (quoting *Mills v. Fulmarque, Inc.*, 360 S.W.3d 362, 368 (Tenn. 2012)).

As highlighted above, the plain language of Tennessee Code Annotation section 49-5-513(g) unambiguously states that: "The review of the court shall be limited to the written record of the hearing before the board and any evidence or exhibits submitted at the hearing." Interpreting this language, the Tennessee Supreme Court held that, "The chancery court's de novo review **is limited to the record of the school board proceedings**." *Emory*, 514 S.W.3d at 142 (emphasis added). Although we do not go so far as to hold that the Act bars remand to a school board under any circumstance, it does bar remand in this case. Here, there is no allegation or judicial finding that the school board's initial evidentiary hearing was non-compliant with the Act. Furthermore, there is no allegation or judicial finding that the record transmitted to the trial court was incomplete or otherwise flawed. Accordingly, the trial court was required: (1) to conduct a de novo review of the record transmitted from the school board; and (2) to enter an order stating its findings of fact and conclusions of law. Tenn. Code Ann. § 49-5-513(h) ("The chancellor shall reduce the chancellor's findings of fact and conclusions of law to writing and make them parts of the record."). Here, the trial court not only failed to conduct a de novo review of the school board's record, but it also failed to make any findings that would justify its decision to remand to the school board. As such, on this record, we vacate the trial court's order remanding the case to the school board and pretermit the remaining issues on appeal.

## V. Conclusion

For the foregoing reasons, we vacate the trial court's order remanding the case to the school board. The case is remanded to the trial court for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed one-half to the Appellant, Shelby County Board of Education, and one-half to the Appellee,

Teli White, for all of which execution may issue if necessary.


_____s/ Kenny Armstrong_____

KENNY ARMSTRONG, JUDGE